UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:13-cv-546-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| D. KYTE,[1] | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Kyte denied him due process in proceedings related to a rules violation report that resulted in a loss of good time credits.

On February 7, 2014, defendant moved to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. ECF No. 16. Defendant filed the motion as an "unenumerated" Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). However, on April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled *Wyatt's* "unenumerated" Rule12(b) procedure for seeking dismissal based on failure to exhaust administrative remedies. *Albino v. Baca*, ___ F.3d ___, 2014 WL 1317141, at *1 (9th Cir. April 3, 2014) (*en banc*).

/////

---

[1] The Clerk shall update the caption to reflect that D. Kyte is the sole defendant.

1

Instead, the *en banc* court in *Albino* explained that Rules 12(b)(6) and 56 provide the proper procedures to follow for raising the issue of failure to exhaust. A defendant may present the failure to exhaust question in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment where evidence extrinsic to the complaint must be presented to demonstrate the failure to exhaust. *Albino*, 2014 WL 1317141, at *4. An "unenumerated" Rule 12(b) motion is not the proper procedural device for arguing failure to exhaust. *Id.*

In light of *Albino*, defendant has now withdrawn the unenumerated 12(b) portion of his motion to dismiss based on failure to exhaust. ECF No. 29. Rather than resubmit the appropriate motion raising the exhaustion issue, defendant requests that the court consider only the portion of the motion brought pursuant to Rule 12(b)(6) raising issues other than exhaustion. Defendant states that if necessary, he will renew his failure to exhaust argument at a later time through a summary judgment motion. *Id.* The request is denied.

Defendant's withdrawal of his motion to dismiss for failure to exhaust is not based on his determination that plaintiff has, in fact, exhausted administrative remedies. Instead, it is simply based on the fact that the defense was initially presented as an unenumerated 12(b) motion rather than as a motion for summary judgment. But regardless of whether the issue is presented in a Rule 12(b) motion to dismiss, or in a Rule 56 motion for summary judgment, or in the alternative under both, exhaustion remains a prerequisite to suit and should be presented at the earliest point possible in the litigation. Further, the court's analysis of the exhaustion question is unchanged. Even prior to *Albino* this court has repeatedly noted that care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome. For that very reason, this court has consistently applied the Rule 56 summary judgment standards to exhaustion motions (regardless of how they are designated), if the motions require consideration of materials extrinsic to the complaint. *See, e.g., Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010). Indeed, Rule 12(d) mandates exactly such a procedure.

/////

As defendant acknowledges in his notice of withdrawal, *Albino* makes clear that the issue of exhaustion should be decided at the very beginning of the litigation. ECF No. 29 at 2 (citing *Albino*, 2014 WL 1317141 at *4). Given this direction, and the fact that defendant has no intention of abandoning his exhaustion defense, the court will not address the defendant's other arguments for dismissal in the piecemeal fashion proposed.

Accordingly, IT IS HEREBY ORDERED that, within 21 days, defendant shall either file an appropriate Rule 56 motion addressing the issue of exhaustion or a clear statement waiving the issue. Failure to comply with this order will result in a determination that defendant has waived the defense of failure to exhaust administrative remedies.

DATED: April 28, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE