UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:13-cv-546-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| D. KYTE,[1] | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Kyte denied him due process in proceedings related to a rules violation report that resulted in a loss of good time credits. Plaintiff moves to amend his complaint and to stay these proceedings; defendant moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and/or for summary judgment for failure to exhaust administrative remedies. For the reasons stated below, plaintiff's motions must be denied and this action must be dismissed.

/////

/////

/////

/////

/////

---

[1] The Clerk shall update the caption to reflect that D. Kyte is the sole defendant.

1

**I.     Defendant's Motion to Dismiss and Motion for Summary Judgment**

    **A. Background**

On February 7, 2014, defendant moved to dismiss pursuant to Rule 12(b), on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.[2] ECF No. 16. He also moved to dismiss pursuant to Rule 12(b)(6). *Id.* Plaintiff opposed the motion and defendant filed a reply. ECF Nos. 19, 21. Thereafter, defendant withdrew the unenumerated 12(b) portion of his motion to dismiss, in light of *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), in which the United States Court of Appeals for the Ninth Circuit held that a motion for summary judgment, and not a motion to dismiss, should be filed where evidence extrinsic to the complaint is presented to demonstrate the failure to exhaust. ECF No. 29.

On May 19, 2014, defendant refiled the exhaustion motion as a motion for summary judgment.[3] ECF No. 33. Plaintiff did not respond to the summary judgment motion. Although Local Rule 230(l) provides that a responding party's failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions" the court will consider plaintiff's arguments presented in his earlier opposition to the previously filed motion to dismiss (ECF No. 19) in resolving the summary judgment motion.[4]

/////

/////

---

[2] Defendant's motion included notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012).

[3] The instant motion included notice to plaintiff informing him of the requirements for opposing a motion for summary judgment for failure to exhaust administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *see also Albino*, 747 F.3d at 1166 (providing that a motion for summary judgment, and not a motion to dismiss, is the proper means of asserting the defense of failure to exhaust, where evidence extrinsic to the complaint is submitted).

[4] The court will not, however, address plaintiff's unauthorized surreply to the motion to dismiss (ECF No. 25), as neither the Federal Rules of Civil Procedure nor the court's local rules provide for such a response.

### B. Exhaustion under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

/////

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

### C. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting

the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

      A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

      To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails

5

in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

/////

### D. Discussion

Plaintiff filed the instant action on March 11, 2013. ECF No. 1. Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding his due process claim against Kyte prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Defendant's evidence shows that plaintiff failed to complete the exhaustion process prior to commencing this action. *See* ECF No. 33-3 ("Zamora Decl."); ECF No. 33-4 ("Clark Decl."). The evidence shows that plaintiff submitted an administrative grievance (log number CSP-S-12-01355) regarding the claim that plaintiff now asserts against Kyte in this action. Clark Decl., Ex. E. The grievance was granted in part at the Second Level on August 13, 2012. *Id.* The Second Level response advised plaintiff that he could seek further review at the Third Level. *Id.* An exhibit to plaintiff's complaint shows that the grievance was received at the Third Level on September 26, 2012. ECF No. 1 at 5. But on October 8, 2012, the grievance was screened out for failure to attach supporting documents. *Id.* at 6; Zamora Decl. ¶ 6. The grievance was not subsequently accepted for review at the Third Level prior to plaintiff's commencement of this lawsuit. *See* Zamora Decl. ¶ 5. Thus, defendant has shown that plaintiff filed this action prematurely, before he had exhausted all available administrative remedies. That is, there is no dispute as to any genuine issue of material fact regarding plaintiff's exhaustion of administrative remedies.

To defeat defendant's motion, plaintiff must demonstrate that there is a genuine dispute over a material issue of fact as to whether he actually exhausted available remedies, or as to whether he should be excused from the exhaustion requirement.

Plaintiff concedes in his opposition that grievance number CSP-S-12-01355 concerns the claim giving rise to this lawsuit. ECF No. 19 at 1. He claims he "did everything possible to give CDC the opportunity to make [him] [w]hole," but that his appeal was "frustrated & impeded." *Id.* However, he provides no evidence or other facts to refute defendant's evidence that the appeal was rejected at the Third Level for failure to provide supporting documents, or to otherwise demonstrate that he properly re-submitted his appeal to the Third Level with the required

7

documents. Thus, it remains undisputed that administrative remedies remained available to plaintiff prior to his filing of this lawsuit.

Because there is no dispute that plaintiff failed to comply with the exhaustion procedure, and or that his failure in this regard should not be excused, defendant's summary judgment motion must be granted.[5] *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to suit."); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (prisoner brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court).

**II.     Plaintiff's Motion to Amend**

Plaintiff moves to amend his complaint to "add a actual injury claim" based on a hernia he "acquired while exercising in the hole." ECF No. 20 at 4. His proposed amendment to the complaint reads as follows: "Gary Swarthout. Actual injury claime [sic]; Hernias from working out in the hole which could stress and lead to a scheduled surgery. Swarthout not correcting mistake." *Id.*, § IV. As discussed below, the requested amendment must be denied as futile.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, defendant moved to dismiss on February 7, 2014. ECF No. 16. Plaintiff moved to amend his complaint more than 21 days thereafter. *See* ECF No. 20 (Mot. to Amend, dated March 8, 2014).

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend

---

[5] For this reason, and because exhaustion is a prerequisite to suit (42 U.S.C. § 1997e(a)), the court need not address defendant's Rule 12(b)(6) motion to dismiss.

under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, plaintiff's motion to amend is futile, and his proposed amendments fail to state a claim upon which relief could be granted, and could not properly be joined in this action. In its original screening order, the court informed plaintiff of the following:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).
>
> An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

ECF No. 6 at 3.

The court dismissed defendant Swarthout from the original complaint because plaintiff had "named him solely because of his role as Warden," which "is not a proper basis for liability." *Id.* Plaintiff's proposed amendment to his complaint does not cure this defect. Likewise, plaintiff's new allegations regarding a "hernia" and "actual injury" fall far short of the requirements, set forth above, for stating a claim under 42 U.S.C. § 1983. They also appear to be completely unrelated to the due process claim against defendant Kite. It does not appear from plaintiff's motion or proposed amendments that any claim regarding a hernia arose out the due process violation alleged against defendant Kite *and* involves a common question of law or fact.

/////

Thus, any claim related to the hernia would not be properly joined in this action.[6] *See* Fed. R. Civ. P. 20(a)(2).

For these reasons, plaintiff's motion to amend is denied.

### III.    Plaintiff's Motion to Stay

Plaintiff also moves to stay this case pending a determination as to whether counsel will be appointed for him in a different federal lawsuit. ECF No. 32. A party seeking a stay must make out a clear case of hardship or inequity in being required to go forward. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Here, plaintiff makes no such showing. The motion is denied.

### IV.    Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motions to strike the amended complaint and the unauthorized surreply (ECF Nos. 22, 30) are granted.
2. Plaintiff's motion to amend (ECF No. 20) is denied.
3. Plaintiff's motion to stay (ECF No. 32) is denied.

Further, IT IS HEREBY RECOMMENDED that defendant's summary judgment motion (ECF No. 33) be granted, that the Clerk terminate the Rule 12(b)(6) motion to dismiss (ECF No. 16), and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[6] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

10

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE